# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| PRENTISSA RODRIGUE, | \* | |
| | \* | No. 17-1364V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: July 1, 2020 |
| | \* | |
| SECRETARY OF HEALTH | \* | Entitlement, influenza vaccine, |
| AND HUMAN SERVICES, | \* | chronic inflammatory demyelinating |
| | \* | polyneuritis ("CIDP"). |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Frank E. Lamothe, III</u>, Lamothe Law Firm, LLC, New Orleans, LA, for petitioner;
<u>Lynn C. Schlie</u>, United States Dep't of Justice, Washington, DC, for respondent.

### DECISION DENYING COMPENSATION[1]

Ms. Rodrigue alleged that the influenza ("flu") vaccine she received on November 1, 2016, caused her to develop chronic inflammatory demyelinating polyneuritis ("CIDP"). Pet., filed Sep. 28, 2017. Ms. Rodrigue asserted that she started to develop numbness and tingling within a couple of weeks of the vaccination. Id. ¶ 2. The Secretary of Health and Human Services disputes these claims. As explained below, Ms. Rodrigue has not established that she is entitled to compensation.

### I.   Procedural History

Ms. Rodrigue filed her medical records, including records from a neurologist, Daniel Trahant, who first saw her on March 8, 2017. Exhibit 16 at 4. The Secretary questioned the accuracy of the history that Dr. Trahant obtained.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Resp't's Rep., filed August 3, 2018, at 4 n.3 and 10.  Thus, the onset of Ms. Rodrigue's symptoms was a key factual dispute.

After the Secretary's report, Dr. Trahant wrote a letter to Ms. Rodrigue's attorney, stating that "After reviewing [the affidavits of her husband and daughter] and the documentation of the influenza vaccine administered on November 1, 2016, . . . it is my opinion that, more likely than not, the influenza vaccine was the cause of Ms. Rodrigue developing chronic inflammatory demyelinating polyneuropathy."  Id. at 2.  Dr. Trahant also sought to correct notations he made in Ms. Rodrigue's medical records, based entirely on contrary information provided in the affidavits.  Id. at 1-2.  These original notations included inaccuracies related to the vaccination itself, as well as the timing of previous symptoms and diagnoses.  Most importantly, the corrections contained in his letter relied only on information supplied by Ms. Rodrigue and her fact witnesses.

A hearing was set to determine onset, as well as to address challenges Ms. Rodrigue made regarding the accuracy of part of her primary care physician Dr. Acosta's records.  The hearing was held on October 16-17, 2019, in New Orleans, Louisiana.  The undersigned found that Ms. Rodrigue began experiencing a decline in neurologic function beginning on January 30, 2017.  The undersigned also found Dr. Acosta's records to be accurate, and Dr. Trahant's records to contain various inaccuracies.  Furthermore, the undersigned found Dr. Trahant's August 15, 2018 letter to hold little evidentiary weight because Dr. Trahant prepared it in anticipation of litigation, and accepted assertions obtained solely from Ms. Rodrigue and her fact witnesses.  Ruling Finding Facts, 2019 WL 7560056 (Fed. Cl. Spec. Mstr. Oct. 22, 2019).

Following this fact ruling, Ms. Rodrigue first sought to obtain an expert report and then decided not to retain an expert and instead to move for a ruling on the record.  In a status conference held on May 11, 2020, the parties confirmed that they do not intend to submit any more filings.  Thus, this matter is ripe for consideration.

## II.     Standards for Adjudication

Petitioners are required to establish their cases by a preponderance of the evidence.  42 U.S.C. § 300aa–13(1)(a).  The preponderance of the evidence standard requires a "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence."  Moberly v. Sec'y of

Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010) (citations omitted).

The special master may not rule in a petitioner's favor based on petitioner's claim alone. 42 U.S.C. § 300aa-13(a)(1); Shyface v. Sec'y of Health & Human Servs., 165 F.3d 1344, 1349 (Fed. Cir. 1999). Instead, the causation assertion must be substantiated by some additional medical records or medical opinion. Shyface, 165 F.3d at 1349.

Special masters retain significant discretion in deciding issues of fact, including making credibility determinations. Burns v. Sec'y of Health & Human Servs., 3 F.3d 415, 416-17 (Fed. Cir. 1993). Furthermore, these factual findings once decided, are controlling to the extent that they are relevant to the entitlement determination. Id. at 17.

## III. Analysis

Ms. Rodrigue's claim fails because her lone source of expert support for the contention that her flu vaccine caused her CIDP relies on assertions not endorsed by the Findings of Fact. Ms. Rodrigue asserted that her CIDP symptoms began within a few weeks of her flu vaccination on November 1, 2016. Pet'r's Br. at 1. However, this conclusion was supported only by fact witness affidavits. The undersigned found that conflicting information from doctors' appointments following her vaccination, in which no notations of these symptoms were made, outweighed the testimony provided by Ms. Rodrigue and her family members. The undersigned ultimately determined an onset date of January 30, 2017. Ruling Finding Facts, 2019 WL 7560056, at *1.

Dr. Trahant used Ms. Rodrigue's asserted onset time frame (that is, within the first few weeks following her vaccination) as the basis for his opinion that her flu vaccination caused CIDP. This is in direct conflict with the January 30, 2017 onset date found in the Ruling Finding Facts. Therefore, given that this expert opinion relies on uncredited assertions, it is not a relevant or reliable source of evidence for Ms. Rodrigue's claim. See Burns v. Sec'y of Health & Human Servs., 3 F.3d 415, 416-17 (Fed. Cir. 1993). Dr. Trahant's letter is the only expert evidence put forth, and Ms. Rodrigue has elected not to provide additional expert support. Therefore, because the undersigned may not rule in a petitioner's favor based on a petitioner's contentions alone, without additional medical expert or medical record support, 42 U.S.C. § 300aa-13(a)(1), the undersigned finds that Ms. Rodrigue has not met her burden in showing that her flu vaccination caused her CIDP.

3

## IV. Conclusion

Because Ms. Rodrigue's sole source of expert support for causation between her vaccination and CIDP relied on assertions in direct conflict with the Ruling Finding Facts, the undersigned finds that Ms. Rodrigue has not proven by preponderant evidence that the flu vaccination caused her CIPD. The Clerk's Office is instructed to enter judgment in accord with this decision unless a motion for review is filed.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).