# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
PRENTISSA RODRIGUE,              *
                                 *     No. 17-1364V
              Petitioner,        *
                                 *     Special Master Christian J. Moran
                                 *
v.                               *     Filed: April 29, 2021
                                 *
SECRETARY OF HEALTH              *     Attorneys' Fees and Costs
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * * * * * * * *
```

Frank E. Lamothe, III, Lamothe Law Firm, LLC, New Orleans, LA, for Petitioner;
Lynn C. Schlie, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Prentissa Rodrigue's motion for final attorneys' fees and costs. She is awarded **$66,090.75**.

\* \* \*

On September 28, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on November 1, 2016,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to develop chronic inflammatory demyelinating polyneuritis. Due to questions concerning the onset of petitioner's symptoms, the undersigned held a fact hearing in New Orleans, Louisiana, on October 16-17, 2019. Following the undersigned's fact ruling, petitioner first sought to obtain an expert report and then decided not to retain an expert and instead moved for a ruling on the record. On July 1, 2020, the undersigned issued his decision dismissing the petition for insufficient proof. 2020 WL 4334150 (Fed. Cl. Spec. Mstr. Jul. 1, 2020).

On September 11, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $66,925.00 and attorneys' costs of $23,377.63 for a total request of $90,302.63. Fees App. at 1-2.[2] Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Id. Ex. 4. On September 17, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\* \* \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioner's claim has a reasonable basis throughout the entire case. Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case.  See Greenlaw v. United States, 554 U.S. 237, 243

---

[2] In her motion, petitioner requests attorneys' fees of $55,387.50, based upon 80.1 hours of attorney work billed at $475.00 per hour and 115.6 hours of paralegal work billed at $150.00 per hour. Fees App. Ex. 1 at 2. Petitioner appears to have transposed the hours worked by Mr. Lamothe and his paralegal because a review of the billing statements reveals that Mr. Lamothe billed 115.6 hours while his paralegal billed 80.1 hours. Fees App. Ex. 3. Thus, based upon the proposed hourly rate, the amount of attorneys' fees would be $66,925.00.

2

(2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests that her attorney, Mr. Frank Lamothe, be compensated at $475.00 per hour for all work performed in this case, from 2017 to 2020. Fees App. Ex. 1 at 2. Petitioner also requests $150.00 per hour for all paralegal work performed. Id. Upon review, the undersigned finds that these hourly rates require reduction.

Mr. Lamothe has been licensed to practice law since 1969, giving him approximately 48 years of legal experience when he began work on this case in 2017 and placing him in the highest tier of the OSM Attorneys' Forum Hourly

Rate Fee Schedules at all times during this case.[3] However, based on the fee schedules, Mr. Lamothe's requested hourly rate exceeds the maximum possible rate for all years except 2020, while the paralegal rate is excessive in 2017. Thus, the question at hand is what a reasonable hourly rate for Mr. Lamothe's work is.

The following factors are paramount in determining a reasonable hourly rate for counsel in the Vaccine Program: experience in the Vaccine Program, overall legal experience, the quality of the work performed, and counsel's reputation in the legal community and community at large. See McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In this case, although Mr. Lamothe has extensive legal experience overall, his Vaccine Program experience is limited to only two cases inclusive of the instant case. Thus, in the undersigned's experience, it would be unreasonable to compensate Mr. Lamothe at an hourly rate at the top end of the given range for his experience, let alone above that amount.

Upon consideration of all relevant factors, the undersigned finds the following hourly rates reasonable for the work of Mr. Lamothe: $410.00 per hour for work performed in 2017, $420.00 per hour for work performed in 2018, $430.00 per hour for work performed in 2019, and $445.00 per hour for work performed in 2020. Application of these rates results in a reduction of $6,332.00.[4]

Additionally, the paralegal rate of $150.00 per hour exceeds the maximum allowable paralegal rate for 2017. Upon review, a reasonable rate is $140.00 for 2017, and $150.00 for all subsequent years. Application of this rate results in a reduction of $50.00.

### B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

---

[3] The Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[4] The reduction is computed as follows:

2017: ($475.00 per hour requested - $410.00 per hour awarded) * 52.6 hours billed = $3,419.00.
2018: ($475.00 per hour requested - $420.00 per hour awarded) * 10.8 hours billed = $594.00.
2019: ($475.00 per hour requested - $430.00 per hour awarded) * 50.2 hours billed = $2,259.00.
2020: ($475.00 per hour requested - $445.00 per hour awarded) * 2.0 hours billed = $60.00.

4

The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and finds that the billing entries provide enough detail for the undersigned to assess their reasonableness and the hours billed appear to be reasonable for most of the tasks performed in this case. However, one issue necessitates a reduction to the final attorneys' costs awarded.

Counsel has several entries which include a component of travel and a component of casework. Such entries were billed on 9/17/17, 12/4/17, 12/20/17, 8/14/18, 8/22/18, 9/5/19, and 7/10/20 – an example of the description of this work is 4.0 hours billed on 9/17/17 for "Travel to and from Petitioner's home to meet with and obtain signatures for Affidavits." Fees App. Ex. 2 at 3. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of Health & Human Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). The billing entries in the instant case do not permit the undersigned to determine how much time was for travel and how much was for reasonable casework, making it difficult to determine an exact amount to reduce for this issue. Further, petitioner has not explained why an attorney was required to travel multiple hours to obtain a signature. It would seem that a local official could have notarized the signature on the affidavit and petitioner could have mailed the signed affidavit.

Based upon the undersigned's overall perception of the time billed after review, a reduction of $3,000.00 is appropriate in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). In sum, petitioner is awarded final attorneys' fees of $57,543.00.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $23,377.63 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's

medical experts, Dr. Daniel Trahant and Dr. Andrew Woo, and for a life care plan. Petitioner has provided adequate documentation supporting most of the requested costs. However, upon review, further reductions must be made for the following reasons.

The undersigned finds the costs associated with the life care plan unreasonable because it was not reasonable for petitioner to commission a life care plan at such an early stage in the case. The life care planner billing records indicate that counsel first approached them for a life care plan on November 15, 2017, less than two months after the petition was initially filed and on the same day as the undersigned held an initial status conference. Fees App. Ex. 3 at 22.

On December 18, 2017, petitioner filed a motion for extension of time, indicating that, among other things, an extension of time "will also permit counsel time in securing a life care plan for Ms. Rodrigue." P'etr's Motion, filed December 18, 2017. On December 20, 2017, the undersigned issued an order, granting-in-part petitioner's motion but also denying it in-part with respect to the life care plan. The undersigned specifically noted that "the submission of a unilateral life care plan may or may not advance the petitioner's case" and that "if the parties . . . determine that the case might be amenable to settlement, then a life care planner might be an appropriate step. In addition, the damages affidavit asks only general questions and does not require a life care plan as a prerequisite." Order, dated December 20, 2017. Furthermore, with respect to obtaining a life care plan, the Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines") state the following: "The parties should not retain a medical expert, life care planner, or other expert without first consulting with each other and the [Special Master]. Guidelines at 36.[5]

Nevertheless, petitioner proceeded in having a life care plan formulated, which was eventually filed on January 16, 2018. Based on the information contained in the Guidelines and the undersigned's order, it was unreasonable for petitioner to go ahead with procuring a life care plan unilaterally at such an early stage in the case when entitlement had not be established and/or settlement had not be discussed. Accordingly, the costs associated with it shall be disallowed, resulting in a reduction of $3,079.88.

---

[5] The Guidelines are available at: http://www.cofc.uscourts.gov/sites/default/files/Guidelines-4.24.2020.pdf.

6

The costs incurred as a result of medical experts also requires reduction. First, petitioner requests total reimbursement in the amount of $8,000.00 for the work of Dr. Daniel Trahant, petitioner's treating neurologist. However, Dr. Trahant's billing rates are excessive compared to what the undersigned and other Special Masters have paid for expert work from neurologists. In this case, Dr. Trahant has billed $1,000.00 per hour for two hours of meetings, and $3,000.00 per hour for three hours of in-court testimony. Fees App. Ex. 3 at 36, 38.[6]

The undersigned has recently discussed the topic of reasonable hourly rates for neurologists at some length. Lewis v. Sec'y of Health & Human Servs., No. 15-907V, 2020 WL 6071671, at *7-8 (Fed. Cl. Spec. Mstr. Sep. 11, 2020). Compared to some of the other neurologists who have offered testimony in the Vaccine Program, Dr. Trahant does not possess extraordinary credentials which justify a high hourly rate, such as an additional background in immunology. He also does not currently teach in any medical school and his curriculum vitae lists no publications. See Exhibit 52. In the undersigned's experience, a reasonable hourly rate for Dr. Trahant's work is $350.00 per hour. Based upon this determination, a reasonable award for Dr. Trahant's work is $1,750.[7]

Finally, petitioner requests compensation in the amount of $5,500.00 for work performed by Dr. Andrew Woo. It appears after the ruling regarding onset, petitioner sought to obtain an expert report to bolster her case and petitioner conferred with Dr. Woo. Dr. Woo's invoice indicates that he reviewed medical records and conferred with counsel. A brief internet search performed by the undersigned reveals that Dr. Woo is a neurologist but did not turn up any information beyond that. This search was necessary because petitioner failed to provide any information regarding Dr. Woo's credentials, such as a CV. Petitioner also did not submit any work product from Dr. Woo. Based upon all this, the undersigned finds it unreasonable to reimburse petitioner for this work because petitioner has not provided any of the requisite information the undersigned would need to determine a reasonable hourly rate for Dr. Woo or to assess the quality of his work. See 4DD Holdings, LLC v. United States, 2021 WL 1560634, at *4 (Fed. Cir. 2021) (indicating when court is faced with "binary choice" in either

---

[6] For court testimony, the record indicates that Dr. Trahant billed 3 hours at $3,000.00 per hour, but also reduced the final bill by $3,000.00 per hour as "a professional courtesy." Fees App. Ex. 3 at 39. Thus, for court testimony, Dr. Trahant effectively billed his time at $2,000.00 per hour.

[7] The deduction is $6,250.

7

accepting unsupported representations about an expert's work or rejecting those representations, the Court may reject them). In addition, petitioner has not explained why Dr. Trahant, who was familiar with the medical records and overall posture of the case, was not adequate.

Based on all of the above, petitioner is awarded final attorneys' costs of $8,547.75.

### E.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$66,090.75** (representing $57,543.00 in attorneys' fees and $8,547.75 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Frank Lamothe, III.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.